UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
98 SEP 22 PM 1:55
N.D. OF ALABAMA

DAVID PATRICK MITCHELL, )
)
    Plaintiff, )
)
vs. )  Civil Action No. CV-96-S-0276-NW
)
LAUDERDALE COUNTY, ALABAMA, )
et al., )
)
    Defendants. )

ENTERED
SEP 22 1998

## MEMORANDUM OPINION

    Plaintiff, David Patrick Mitchell, was a pretrial detainee confined in a large, general population holding area in the Lauderdale County Jail on February 6, 1994. He had been arrested on the charge of driving under the influence. Mitchell alleges he was attacked by a convicted felon confined in the same holding area. He contends this confinement was in violation of a 1982 federal court order.[1] Plaintiff sues two defendants: Lauderdale County "a political subdivision of the State of Alabama"; and Billy Townsend " individually and in his capacity as the sheriff of Lauderdale County, Alabama." Plaintiff's original complaint contained four counts. Following the filing of plaintiff's first amended complaint adding a fifth count, which asserted that

---

[1] The order referred to by plaintiff was entered on June 25, 1982, in the case of *Parrish v. Lauderdale County, et al.*, Civil Action No. 79-G-0301-NW. Among other things, the order purportedly directed the county to segregate pretrial detainees from convicted prisoners.

defendants violated Alabama Code § 14-6-19,[2] defendant Lauderdale County filed a motion to dismiss the additional claim or, in the alternative, a motion for more definite statement. (Doc. No. 21.) Defendant Townsend also filed a motion to dismiss the additional claim on the same date. (Doc. No. 22.) This court entered an order on June 29, 1998, directing the parties to research and brief the court on the effect of the Eleventh Circuit's decision in *Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998), as well as the effect of Judge Guin's order in *Parrish v. Lauderdale County, et al.*, Civil Action No. 79-G-0301-NW, on each of plaintiff's claims. (Doc. No. 23.)

This action is before the court on renewed motions to dismiss and alternative motions for more definite statement filed by each defendant. Upon consideration, and based on the present state of the plaintiff's pleadings in this action and the Eleventh Circuit's decision in *Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998), the court is of the opinion that defendants' motions for more definite statement are due to be granted and defendants' motions to dismiss are due to be granted in part.

---

[2] Ala. Code § 14-6-19 (1975) provides:

Necessary clothing and bedding must be furnished by the sheriff or jailer, at the expense of the county, to those prisoners who are unable to provide them for themselves, and also necessary medicines and medical attention to those who are sick or injured, when they are unable to provide them for themselves.

2

## I. JUDGE GUIN'S ORDER IN *PARRISH* v. *LAUDERDALE COUNTY*, et al.

Defendant Charles Townsend asserts the 1982 Final Order and 1993 Contempt Order entered by Judge Guin in *Parrish v. Lauderdale County, et al.* have no effect on the instant action, based on the facts alleged in plaintiff's complaint. This court agrees with defendant Townsend's assertion.

Plaintiff alleges his injuries occurred as a result of the defendants violating Judge Guin's orders. Plaintiff alleges in his complaint that defendants permitted "a convicted, escaped felon, Aaron Wayne Morrison, to remain in the general jail population of the Lauderdale County Jail with pretrial detainees." (Complaint at 4, ¶ 10.) Plaintiff, nevertheless, did not allege how defendants' failure to segregate pretrial detainees from convicted prisoners, nor how violating the population cap placed on the Lauderdale County Jail by the 1982 Order, caused the alleged attack. Based on these conclusory allegations, plaintiff has not stated a claim based on violations of Judge Guin's orders. Accordingly, plaintiff's claims purporting violations of Judge Guin's Orders in *Parrish v. Lauderdale County et al.* are due to be dismissed without prejudice. If a claim exists for these alleged violations, that claim should be brought before Judge Guin in the form of a motion for defendants to show cause why they should not be held in contempt of court for failure to obey the prior orders he entered in *Parrish v. Lauderdale County, et al.*

3

## II. DISCUSSION

### A. The Proper Defendants to Plaintiff's Claims

#### 1. Plaintiff's § 1983 claim

Section 1983 provides a remedy for violations of federal law by "persons" acting "under color of" state law.

> Every <u>person</u> who, <u>under color of</u> any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. ...

42 U.S.C. § 1983 (emphasis supplied). As previously noted, David Mitchell sued two defendants: Lauderdale County as "a political subdivision of the State of Alabama"; and Billy Townsend "individually and in his capacity as the sheriff of Lauderdale County, Alabama." A determination of whether each is a "person" subject to suit under § 1983 requires separate discussion.

#### a. Sheriff Billy Townsend

The Supreme Court held in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that states are not "persons" subject to suit under § 1983. The Eleventh Amendment was deemed to have incorporated the common law

4

doctrine of sovereign immunity[3] and thereby bars suits against a state in a federal forum, "unless that State has waived its immunity, ... or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66, 109 S.Ct. 2309-10 (citation omitted). The *Will* Court found that the Reconstruction-era Congress that enacted § 1983 "had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...." *Will*, 491 U.S. at 66, 109 S.Ct. at 2310.

The ruling in *Will* applies not only to the State of Alabama itself, but also to the State's various departments and agencies. "Where the defendant is an entity other than the state, the suit may nonetheless be barred where the state is the 'real party in interest.'" *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). The same rationale is employed when addressing plaintiff's § 1983 claim against Billy Townsend, who is sued "in his capacity as the sheriff of Lauderdale County,

---

[3] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." By its terms, therefore, the Amendment "bars only federal-court suits against States by citizens of other States." Fitzpatrick v. Bitzer, 427 U.S. 445, 457, 96 S.Ct. 2666, 2672, 49 L.Ed.2d 614 (1975)(Brennan, J., concurring). Even so, as the *Will* opinion demonstrates, the analysis of that Amendment often is mixed with "the nonconstitutional but ancient doctrine of sovereign immunity...." *Id.*; *see also* Employees v. Missouri Public Health Dept., 411 U.S. 279, 28-324, 93 S.Ct. 1614, 1624-37, 36 L.Ed.2d 251 (1972)(Brennan, J., dissenting).

5

Alabama."[4] The 1901 Constitution of the State of Alabama provides that sheriffs are executive officers of the State. Ala. Const. of 1901, Art. V § 112; see also Turquitt, 137 F.3d at 1288 (citing Parker v. Amerson, 519 So. 2d at 442, 443 (Ala. 1987)). State officials acting in their official capacities are not deemed to be "persons" subject to suit for money damages under § 1983.

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. ... As such, it is not different from a suit against the State itself.

Will, 491 U.S. at 71, 109 S.Ct. at 2312. That result flows in part from the fact that a "judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents," rather than the official individually. Brandon v. Holt, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985); see also Lassiter, 3 F.3d at 1485 ("Official capacity actions are deemed to be against the entity of which the officer is an agent").[5]

---

[4] When determining the capacity in which a governmental employee is sued, the court looks "at the complaint and the course of proceedings." Colvin v. McDougall, 62 F.3d 1316, 1317 (11th Cir. 1995).

[5] Note, however, that official capacity action for prospective relief are not treated as actions against the state. Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 3106 n.14, 87 L.Ed.2d 114 (1985); Ex parte Young, 209 U.S. 123, 156, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). "The Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief." Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993)(citing Wu v. Thomas, 863 F.2d 1543, 1550 (11th Cir. 1989), and Parker v. Williams, 862 F.2d 1471, 1475 (11th Cir. 1989)). See also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 2313 n.10, 105 L.Ed.2d 45 (1989), holding that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because

6

Therefore, Sheriff Townsend "in his capacity as the sheriff of Lauderdale County, Alabama" is not a "person" for purposes of § 1983 liability and, accordingly, plaintiff's official capacity claims against Sheriff Townsend are due to be dismissed.

On the other hand, a § 1983 claim brought against a state official in his individual capacity is permissible. Relief is sought from the individual, not the governmental entity the official represents. *See, e.g., Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991); *Colvin v. McDougall,* 62 F.3d 1316 (11th Cir. 1995). Thus, Sheriff Billy Townsend, in his individual capacity, is a "person" subject to suit for money damages under § 1983. *Hafer,* 502 U.S. at 31, 112 S.Ct. at 365 ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983").

### b.  Lauderdale County

The United States Supreme Court held in *Monell v. Department of Social Services,* 436 U.S. 658, 689, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1977), that its "analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." Even so, "[a] local government may be held liable under § 1983 only for

---

'official-capacity actions for prospective relief are not treated as actions against the State'." This is a moot point, however, because plaintiff does not seek prospective injunctive relief herein.

7

acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1287 (11th Cir. 1998)(quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986)(citing *Monell*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))). "To evaluate whether a local government is liable under § 1983, a court must 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Turquitt*, 137 F.3d at 1287 (citing *McMillian v. Monroe County*, __ U.S. __, 117 S.Ct. 1734, 1736, 138 L.Ed.2d 1 (1997)(quoting *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989))).

The Eleventh Circuit in *Turquitt* concluded an "Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288. The court recognized that "Alabama counties possess some duties with respect to county jails." *Id.* at 1289. However, these duties "are limited to funding the operation of the jail and to providing facilities to house the jail." *Id.* (citing *Stark v. Madison County*, 678 So.2d 787, 787 (Ala. Civ. App. 1996)); *see also* Ala. Code §§ 11-14-10, 11-14-13 (1989). The *Turquitt* court pointed out that the duty to

8

erect and maintain the jail facilities "pertains exclusively to the physical plant of the jail." *Turquitt*, 137 F.3d at 1290.

Accordingly, Lauderdale County is a "person" subject to suit for money damages under § 1983. Nevertheless, the County's liability, if any, must be based on acts which it is actually responsible and not the acts of the sheriff.

### 2. Plaintiff's State Law Claims

Plaintiff also seeks to hold Sheriff Townsend liable, both individually and officially, under state law for negligence, wantonness, and violations of Alabama Code § 14-6-19. Alabama grants sovereign immunity to its state executive officers pursuant to Article I, § 14 of the Alabama Constitution of 1901, which states that "the State of Alabama shall never be made a defendant in any court of law or equity." Sheriffs are executive officers of the State of Alabama.[6] *See Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989). Section 14 extends to officers sued in both their official and individual capacities. *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1995); *see also McMillan v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996)("under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity"); *Tinney v. Shores*, 77 F.3d 378,

---

[6] Article V, § 112, Alabama Constitution (1901), provides: "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, <u>and a sheriff for each county</u>." (Emphasis supplied.)

9

383 n.3 (11th Cir. 1996)("Alabama law affords § 14 immunity to state officers sued in both their official and individual capacities")(citations omitted).

The Eleventh Circuit in *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1431 (11th Cir. 1997), said that "the Alabama Supreme Court has held that a suit brought against a sheriff ... in his individual capacity alleging negligence in the performance of his statutory duties should be treated as a suit against the state." (citations omitted). "Obtaining medical attention for sick prisoners is a statutory duty of Alabama sheriffs." *Id., see also* Ala. Code § 14-6-19 (1975). Therefore, Sheriff Townsend "may not be sued for the negligent performance of his duty to obtain medical attention for [plaintiff]." *Lancaster*, 116 F.3d at 1431.

The only exceptions to the sovereign immunity extended to sheriffs are actions brought:

> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). In the instant action, plaintiff does not seek an injunction, a writ of mandamus, or a declaratory judgment, but instead is suing only for monetary damages. Accordingly, plaintiff's state law claims for negligence,

10

wantonness, and violations of Alabama Code § 14-6-19 against Sheriff Billy Townsend are due to be dismissed.

An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

DONE this 22nd day of September, 1998.

_____
United States District Judge

11