IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | | |
|---|---|---|---|
| DAVID PATRICK MITCHELL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | CV 96-J-276-NW |
| | ) | | |
| LAUDERDALE COUNTY, | ) | | |
| ALABAMA, et al., | ) | | **ENTERED** |
| | ) | | APR 9 1999 |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This cause is before this court on Defendant Lauderdale County's motion to dismiss or for more definite statement (doc. 36) and Defendant Charles W. Townsend's motion to dismiss (doc. 35). This court has considered said motions and the briefs submitted in support thereof by Defendants. Plaintiff did not submit a brief although given a full opportunity to do so (doc. 37).

I.   *Claims for violations of Parrish v. Lauderdale County Commission consent decree*

Plaintiff makes several claims against each defendant for violations of the consent decree in *Parrish, et al. v. Lauderdale County Commission, et al.*, Northern District of Alabama, Civil Action No. 79-G-301-NW. This court addressed these claims in its order of September 22, 1998 (doc. 29). As the court indicated at page 3 of said order, "If a claim exists for these alleged violations, that claim should be brought before Judge Guin

1

in the form of a motion for defendants to show cause why they should not be held in contempt of court for failure to obey the prior orders he entered in *Parrish v. Lauderdale County, et al.*" Apparently, Plaintiff misunderstood this court's September 22, 1998 dismissal of these claims <u>without prejudice</u> to indicate that they could be re-filed in this lawsuit. That is not what this court intended as is made obvious by the context of the full discussion related to Judge Guin's order. Thus, it is appropriate that these claims be dismissed without prejudice to Plaintiff's ability to assert them in the *Parrish* case. However, any attempt by Plaintiff to re-file said claims in this lawsuit would be inappropriate.

II.   County

    A.   <u>State law claims</u>

The County argues that they cannot be held liable under state tort law for alleged injuries caused to Plaintiff by another inmate at the Lauderdale County Jail. The County bases its argument on *Turquitt v. Jefferson County* 137 F.3d 1285 (11th Cir. 1998), *cert. denied* 119 S. Ct. 174 (1998), which clearly established that Alabama counties have no authority to run jails. Rather, counties are required to provide adequate funds with which the Sheriff can run the jail. *See Turquitt* at p. 1289-1290. Since the County was not responsible for the prisoners and, indeed <u>could not</u> exercise authority over them, there is no way that the County can be held vicariously liable for assault/battery by one jail inmate upon another jail inmate . Likewise, the County's inability to interfere with the

2

Sheriff's operation of the jail dictates that the County could not have owed a legal duty to Plaintiff sufficient to support Plaintiff's claim for negligence. Thus, said claim for negligence against Lauderdale County, Alabama is due to be dismissed. Finally, Plaintiff alleges the torts of outrage and intentional infliction of emotional distress. Plaintiff has failed to alleged facts sufficient to support a claim that the County acted <u>intentionally</u> to inflict emotional distress upon Plaintiff. Thus, said claim is due to be dismissed. Similarly, Plaintiff has alleged insufficient facts to support a charge that the County's conduct was so "extreme and outrageous ... [as to] intentionally or recklessly cause[] severe emotional distress" to Plaintiff. *American Road Service Co. v. Inmon,* 394 So.2d 361, 365 (Ala. 1980). Nor has Plaintiff demonstrated that any alleged emotional distress was "so severe that no reasonable person could be expected to endure it." *Ibid.* Therefore, Plaintiff's claim for outrage is due to be dismissed.

    B.    <u>42 U.S.C. §1983</u>

Title 42, Section 1983 of the United States Code states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983. The first inquiry in a § 1983 action is which Constitutional or statutory

right has been abridged. This case is similar to *Turquitt v. Jefferson County* 137 F.3d 1285 (11th Cir. 1998) in which the Eleventh Circuit determined that an Alabama County was without the authority to regulate the county jail and/ or its prisoners. Thus, the Eleventh Circuit reasoned, that an Alabama County could not violate an inmate's constitutional or statutory rights under color of law. Since the case at bar is not substantively different from *Turquitt*, the law of the Eleventh Circuit is clear. Plaintiff cannot sustain a §1983 claim against Lauderdale County, Alabama. Thus, said claim is due to be dismissed.

*III.   Sheriff Townsend*

Plaintiff complains that Defendant Sheriff Townsend violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and, therefore, § 1983.

      A.   <u>Fifth Amendment</u>

The Fifth Amendment to the United States Constitution states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for

4

public use, without just compensation." Since Plaintiff asserts no facts related to indictment, double jeopardy, self-incrimination or just compensation for seized property, Plaintiff must be claiming that the Sheriff deprived him of "life, liberty, or property, without due process of law". It is axiomatic that the due process clause of the Fifth Amendment applies against the federal government while the Fourteenth Amendment's due process clause applies against the states. Thus, any claim for violation of due process rights against the Sheriff, a state actor, must be brought pursuant to the Fourteenth Amendment to the United States Constitution. Plaintiff's §1983 claim against the Sheriff is due to be dismissed insofar as it is predicated upon the Fifth Amendment to the United States Constitution.

### B. Fourth Amendment

Sheriff argues that Plaintiff fails to state a viable claim under the Fourth Amendment to the United States Constitution because there is no law extending the Fourth Amendment's protections to the inside of a jail. There was no law in existence at the time of Plaintiff's injury that extended the Fourth Amendment's protections to incarcerated individuals. Thus, Sheriff could not have violated Plaintiff's "rights" under this non-existing law. Therefore, Plaintiff's §1983 claim against the Sheriff is due to be dismissed insofar as it is predicated upon the Fourth Amendment to the United States Constitution.

C.  Fourteenth Amendment

The Sheriff argues that he is entitled to qualified immunity for any alleged violation of §1983 predicated upon the Fourteenth Amendment. The law of qualified immunity is clear in the 11th Circuit:

> I. Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.' ... II. That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities. ... Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. ... III. For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law. ... 'General propositions have little to do with the concept of qualified immunity.' ... 'If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.' ... Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases. For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances. IV. Because qualified immunity is a doctrine of practical application to real-life situations, courts judge the acts of defendant government officials against the law and facts at the time defendants acted, not by hindsight, based on later events. ... V. The subjective intent of government actor defendants plays no part in qualified immunity analysis. ... Objective legal reasonableness is the touchstone. VI. A decision on qualified immunity is separate and distinct from the merits of the case -- a principle illustrated by the Supreme Court's willingness to treat the denial of

6

> qualified immunity at summary judgment as an appealable collateral order. Immunity contemplates exemption from liability that would otherwise exist on the merits.

*Lassiter v. Alabama A&M University*, 28 F.3d 1146, 1149-1151 (11th Cir. 1994) (citations omitted) (emphasis added). The Eleventh Circuit has repeatedly "***stressed the importance of resolving immunity questions at the earliest possible stage in litigation.***" *Lassiter* at 1149 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991)) (emphasis added). And the Eleventh Circuit has been abundantly clear that "once the qualified immunity defense is raised, plaintiffs bear the burden of showing that the federal 'rights' allegedly violated were 'clearly established.'" *Lassiter* at 1150 n.3. (citing *Barts v. Joyner, et al.*, 865 F.2d 1187, 1190 (11th Cir. 1989)). And the Eleventh Circuit is very wary of trial courts which "permit plaintiffs to discharge [this] burden by referring to general rules and to the violation of abstract 'rights.' ... General propositions have little to do with the concept of qualified immunity. ... If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant. ... The line is not to be found in abstractions--to act reasonably, to act with probable cause, and so forth--but in studying how these abstractions have been applied in concrete circumstances." *Lassiter* at 1150 (citations omitted).

Thus, the law regarding qualified immunity in the Eleventh Circuit is abundantly clear. In the instant case, the Sheriff was performing the discretionary function of running the jail. Once claims were asserted against him, the Sheriff raised the defense of

qualified immunity. At that point, Plaintiff bore "the burden of showing that the federal 'rights' allegedly violated were 'clearly established.'" *Lassiter* at 1150 n.3. (citing *Barts v. Joyner, et al.*, 865 F.2d 1187, 1190 (11th Cir. 1989)). The Court finds that Plaintiff failed to rebut the Sheriff's assertion of qualified immunity. Plaintiff has failed to show that the "federal 'rights' allegedly violated were 'clearly established.'" *Ibid.* Thus, the Sheriff is entitled to the defense of qualified immunity without further analysis. Plaintiff's §1983 claims against the Sheriff are due to be dismissed insofar as they are predicated upon the Fourteenth Amendment.

*IV.  More definite statement*

Since all of Plaintiff's claims are dismissed this day, Plaintiff's motion for a more definite statement is moot (doc. 36).

*V.  Conclusion*

In accordance with the separate order this day entered;

It is therefore **ORDERED**, for the reasons set out in this court's September 22, 1998 order (doc. 29), that Plaintiff's claims against both Defendants for violations of orders entered by Judge Guin in *Parrish v. Lauderdale County, et al.* be and hereby are **DISMISSED** from this action **WITHOUT PREJUDICE** to Plaintiff's ability to re-file said claims before Judge Guin in the *Parrish* case;

It is further **ORDERED** that Plaintiff's claims against Defendant Lauderdale County, Alabama, for assault, battery, negligence, outrage and intentional infliction of

emotional distress be and hereby are **DISMISSED WITH PREJUDICE**;

It is further **ORDERED** that Plaintiff's §1983 claims against the County are **DISMISSED WITH PREJUDICE**;

It is further **ORDERED** that Plaintiff's §1983 claims against the Sheriff are **DISMISSED WITH PREJUDICE**;

It is further **ORDERED** that the County's motion for more definite statement (doc. 36) be and hereby is **MOOT**.

**DONE and ORDERED** this the ____ day of April, 1999.

_____
Inge P. Johnson
United States District Judge